IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02501-BNB

ROY ALBERT KAHN,

    Applicant,

v.

WARDEN C. DANIELS, USP Florence,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Roy Albert Kahn, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado.  Mr. Kahn initiated this action by filing a **pro se** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  He has paid the $5.00 filing fee for a habeas corpus action.

    On September 29, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies.  On October 20, 2011, Respondent filed a preliminary response asserting the defense of failure to exhaust administrative remedies.  Mr. Kahn filed a reply on November 7, 2011.

    The Court must construe Mr. Kahn's filings liberally because he is a **pro se** litigant.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a **pro se** litigant's advocate.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, the application will be denied.

Mr. Kahn asserts one claim in the Application.  He alleges that his due process rights were violated when he was not allowed to call witnesses and to have a staff representative present before a Discipline Hearing Officer ("DHO") on May 7, 2007.  Application at 2.  As relief, Mr. Kahn requests that 27 days of good conduct time be restored.  **Id.** at 5.

Respondent argues that Mr. Kahn has failed to exhaust BOP administrative remedies before seeking federal court intervention.  Respondent contends that Mr. Kahn has failed to seek review of his claims at all three levels of review available in the administrative remedy system.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986); **see also Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied only through proper use of the available administrative procedures.  **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."  **Id**. at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Kahn.  **See** 28 C.F.R. §§ 542.10 - 542.19.  The administrative remedy program

allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request (also known as "BP-9"), usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response, he may file an appeal with the appropriate regional director ("BP-10"). If he is not satisfied with the regional director's response, the inmate may file an appeal with the general counsel ("BP-11"). § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Appeals from DHO decisions must be submitted directly to the Regional Director (BP-10); therefore, the inmate is not required to file an BP-8 or BP-9. *Id.* § 542.14(d)(2), § 541.8(i). The appeal to the Regional Director must be submitted within 20 days on the proper form, accompanied by one complete copy or duplicate original of the institution report or response. *Id.* § 542.15(a) & (b)(1). If continuation pages are necessary, the inmate may use on additional page to describe his request, and must include two copes of the continuation page in the appellate packet. *Id.* § 542.15(b)(3). The Regional Director has 30 days to respond to the BP-10 appeal, and the General Counsel has 40 days to respond to the BP-11 appeal. *Id.* § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

The record confirms that Mr. Kahn has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. Prelim. Resp. at Attach. 2. On May 29, 2007, Mr. Kahn filed a BP-10 to the Regional Director appealing the DHO's determination. *Id.* at p. 3. On June 8, 2007, the Regional Director rejected Mr. Kahn's appeal on procedural grounds, finding that he had failed to submit a complete set of the appeal form and the proper number of continuation pages. *Id.* at Decl., p. 4; Attach. 3. Mr. Kahn was informed that he could resubmit the appeal in proper form within 10 days of the date of the rejection notice. *Id.* Mr. Kahn failed to resubmit the appeal within 10 days. *Id.* On September 25, 2007, Mr. Kahn resubmitted his appeal to the Regional Director, but his appeal was rejected as untimely. *Id.* at Decl., p. 4; Attach. 4. Finally, on October 29, 2007, Mr. Kahn filed a BP-11 to the General Counsel, which was rejected on October 30, 2007, on the grounds that Mr. Kahn failed to complete his appeal at the regional level. *Id.* at Attach. 5.

Mr. Kahn argues that he did not receive notice of the Regional Director's rejection of his BP-10 appeal dated May 29, 2007. Reply at 1. However, a failure by BOP officials to process administrative remedy requests or appeals does not prevent an inmate from exhausting administrative remedies because an inmate may proceed to the next step in the administrative remedy procedure if he does not receive a response within the time allowed. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."). Therefore, if Mr. Kahn submitted his BP-10 appeal on May 23, 2007, and did not receive a response within 30

days, he was required to file a BP-11 within the next 30 days.  *Id.*  In this case, although Mr. Kahn alleges that he did not receive a response to his BP-10 appeal within 30 days, he failed to treat the absence of a response as a denial and failed to file a BP-11 to the General Counsel within 30 days, or by July 22, 2007.  *See* Prelim. Resp. at Decl. p. 5.  Instead, Mr. Kahn waited until September 18, 2007, to submit an untimely second BP-10 appeal, and until October 22, 2007, to file a BP-11 with the General Counsel.  *Id.*

Mr. Kahn failed to follow the proper procedures for exhausting his administrative remedies and, as a result, he did not receive a response on the merits of his claims.  The United States Court of Appeals for the Tenth Circuit has held that before a federal inmate may seek review of complaints relating to aspects of his imprisonment, he must exhaust the administrative remedies set forth in 28 C.F.R. §§ 542.13 - 542.16.  *See Williams*, 792 F.2d at 987.   Because the BOP is in a "superior position to investigate the facts, judicial intervention usually is deferred until administrative remedies have been exhausted."  *Id.*  Circumventing the administrative exhaustion process by filing a habeas corpus application before exhausting undermines the system designed for effective and efficient administration of justice.  *See Woodford*, 548 U.S. at 90-91.  Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit.  Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 28th day of November, 2011.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court